# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

December 14, 2021

Lyle W. Cayce
Clerk

No. 19-60801
Summary Calendar

Thamy Sabrina Arias-Ardon; Naydelin Monserrath
Rivera-Arias,

*Petitioners*,

*versus*

Merrick Garland, *U.S. Attorney General*,

*Respondent*.

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A208 677 501
BIA No. A208 677 502

Before Barksdale, Costa, and Engelhardt, *Circuit Judges*.

Per Curiam:*

Thamy Sabrina Arias-Ardon, a native and citizen of Honduras, petitions for review the Board of Immigration Appeals' (BIA) affirming the

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

denial of her applications for asylum and withholding of removal. Her application designated Naydelin Monserrath Rivera-Arias, her daughter, as a derivative beneficiary and sought relief based on membership in a particular social group defined as immediate family members of Josue Ezequiel Rivera-Vaca, the father of Rivera-Arias.

In considering the BIA's decision (and the immigration judge's decision, to the extent it influenced the BIA), legal conclusions are reviewed *de novo*; factual findings, for substantial evidence. *E.g.*, *Orellana-Monson v. Holder*, 685 F.3d 511, 517–18 (5th Cir. 2012). Under the substantial-evidence standard, "petitioner has the burden of showing that the evidence is so compelling that no reasonable factfinder could reach a contrary conclusion". *Id.* at 518 (citation omitted).

To qualify for asylum, an applicant must demonstrate, *inter alia*, either past persecution, or a "well-founded fear of future persecution", based on one of five enumerated grounds, including membership in a particular social group. 8 C.F.R. § 208.13(b) (establishing asylum eligibility). Although a protected ground "need not be the only reason for harm, it cannot be incidental, tangential, superficial, or subordinate to another reason for harm". *Sealed Petitioner v. Sealed Respondent*, 829 F.3d 379, 383 (5th Cir. 2016) (internal quotation marks and citation omitted).

To qualify for withholding of removal, "applicant must demonstrate a clear probability of persecution on the basis of race, religion, nationality, membership in a particular social group, or political opinion". *Chen v. Gonzales*, 470 F.3d 1131, 1138 (5th Cir. 2006) (citation omitted). Accordingly, the standard for withholding of removal is more stringent than for asylum. *Orellana-Monson*, 685 F.3d at 518. Therefore, an applicant who fails to meet the asylum standard cannot meet the withholding-of-removal standard. *Id.*

No. 19-60801

Arias-Ardon testified:  Rivera-Vaca was a member of the Mara Salvatrucha gang; he ran away with money he owed to the gang; and, believing she (Arias-Ardon) had information about him, other gang members threatened to harm her child (Rivera-Arias) unless she (Arias-Ardon) provided it.  A reasonable factfinder could reject the assertion family ties were a central reason for these threats.  The evidence does not reflect the alleged persecutors acted from any animus toward Rivera-Vaca's family.  To the contrary, it appears they were pursuing him for reasons unrelated to his family relationships, and that their interest in Arias-Ardon and her daughter was incidental to that pursuit.  *Cf. Ramirez-Mejia v. Lynch*, 794 F.3d 485, 493 (5th Cir. 2015) (holding "evidence that gang members sought information from [petitioner] about her brother, without more, does not support her claim that the gang intended to persecute her on account of her family"); *Vazquez-Guerra v. Garland*, 7 F.4th 265, 268–71 (5th Cir. 2021), *petition for cert. filed* (U.S. Oct. 27, 2021) (No. 21-632) (upholding denial of asylum and withholding of removal because evidence showed petitioner was threatened for reasons other than "any animus toward her family").

DENIED.